**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

**MOBILE DATA TECHNOLOGIES LLC,**

Plaintiff

**v.**

**META PLATFORMS, INC.**

Defendant.

Civil Action No. 7:22-cv-00244-ADA-DTG

JURY TRIAL DEMANDED

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

Page

I. Introduction .......... 1

II. Plaintiff Objects to Declarations of Wong, [redacted] as Improper Attempts to Rewrite Deposition Testimony Adverse to Meta .......... 1

III. The Other 11 Rebuttal Declarations Do Not Tip The Scales on Meta's Burden of Proof .......... 2

A. Meta Concedes via Silence the Importance of Eight Former Employees .......... 2

B. On Their Face Nearly All the Rebuttal Declarations Fail to Rebut that the Witnesses are Appropriate Trial Witnesses .......... 3

C. Evidentiary Conflicts Are Resolved in Favor of Plaintiff on Venue .......... 4

D. Meta's Conclusory Convenience Statements Should be Disregarded .......... 4

IV. Unwilling Witnesses in Texas Show Meta's Motion Should be Denied .......... 5

V. Conclusion .......... 5

## I. Introduction

Plaintiff Mobile Data Technologies LLC ("MDT") respectfully submits this agreed sur-reply. In its reply, Meta Platforms, Inc. submitted numerous new declarations of Meta employees (the "Rebuttal Declarations"). There, Meta improperly sought to contradict its 30(b)(6) corporate representative testimony and other 30(b)(1) deposition testimony via new declarations. This effort should be rejected as a matter of law and fairness. Meta had an ample avenue to clarify their testimony during venue discovery—counsel was free to elicit redirect testimony from the deponents during the respective depositions. Meta's counsel chose not to do so, instead waiting until after the close of discovery to rewrite live testimony with cold declarations in its reply. This was improper. Meta also submits new declarations in reply for employees who were not deposed which disclaim involvement with the Accused Products, notwithstanding their own public descriptions of their job responsibilities. These contradictions coupled with their conclusory and substanceless statements about "convenience" cut against giving these new statements any credence. The Court should reject these new declarations as improper and deny Meta's motion.

## II. Plaintiff Objects to Declarations of Wong, [redacted] as Improper Attempts to Rewrite Deposition Testimony Adverse to Meta

Meta has submitted declarations from Messrs. Wong, [redacted] recanting and rewriting important points in their deposition testimony, months after the close of venue discovery. Mr. Wong and [redacted] were Meta's prepared corporate representatives, produced in response to MDT's 30(b)(6) notice. [redacted] is a [redacted] in Austin and testified as an individual. Meta's outside and inside counsel defended all three depositions. Meta's instructions to its employees to rewrite their sworn testimony undercuts any credibility the three have.

First, corporate designee statements under Rule 30(b)(6) are binding on the corporation. *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Absent a showing

that the corporation did not have the information prior to the deposition, or some similarly pressing reason, the court may disregard a declaration that contradicts the corporate representative's deposition testimony. *See Hyde v. Stanley Tools*, 107 F. Supp. 2d 992, 993 (E.D. La. 2000). There is no showing in the Wong and [redacted] declarations that the information in them was not available to Meta at the time they were deposed. These new declarations make a mockery of the process and should be disregarded. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495-96 (5th Cir. 1996). Further, [redacted] declaration is also a bald-faced attempt to re-write his testimony. A district court may refuse to consider such an affidavit if it is "so markedly inconsistent with a prior statement as to constitute an obvious sham." *Winzer v. Kaufman Cnty.,* 916 F.3d 464, 472 (5th Cir. 2019). Meta's effort to make wholesale testimonial changes via declaration should be ignored.

## III. The Other 11 Rebuttal Declarations Do Not Tip The Scales on Meta's Burden of Proof

### A. Meta Concedes via Silence the Importance of Eight Former Employees

Erick Robinson's declaration identified 25 Meta-related potential witnesses in Texas. At least 11 of Meta's declarations were filed to refute Mr. Robinson's testimony. However, Meta only addresses the testimony of the people it controls, its own employees. In contrast, Meta presents no evidence that the six "will call" and two "may call" witnesses who are ***former*** employees involved with the issues and accused instrumentalities in this case. *See* Dkt. 52-2, at ¶¶ 10-86. Separately, Meta points to "hundreds" of employees in Northern California who could testify on the technical issues in the case, but this sweeping statement shows the information on the technology at issue in this case is not closely held in a small group but is cumulatively known by many current and former employees. Former employees are a more credible source of information than current employees because they are not dependent on Meta for their livelihoods, and these former employee witnesses located in Texas can only be subpoenaed here.

### B. On Their Face Nearly All the Rebuttal Declarations Fail to Rebut that the Witnesses are Appropriate Trial Witnesses

The rebuttal declarations do not actually rebut the Robinson Declaration. Six of them effectively concede that the description of their job in the Robinson Declaration is correct but assert that their work is not relevant to the case because they do not do some other, related work that they (implicitly) assert would be more relevant to the case. *See, e.g.*, Ex. 57-6, ¶ 3 ([redacted]); Dkt. 57-12, ¶¶ 2-3 ([redacted]); Dkt. 57-15, ¶ 2 ([redacted]); *see also* Dkts. 57-11, ¶¶ 2-3; 57-13, ¶ 2; and 57-16, ¶ 2

Many other Rebuttal Declarations similarly fail to actually rebut the Robinson Declaration. Four of them contend they do not have relevant knowledge because they are marketing or product testing personnel rather than engineers. *See* Dkts. 57-1, ¶ 3; 57-2, ¶¶ 2-4; 57-4, ¶ 3; and 57-7, ¶ 2. But obviously engineers are not the only potential witnesses in a patent suit; marketing personnel and persons involved in post-launch testing are also relevant witnesses as to how the Accused Instrumentalities fit into Meta's overall business, which is relevant both to liability and to damages.

Two concede that their job responsibilities are accurately described but argue that other individuals or teams at Meta do similar work. *See* Dkts. 57-5, and ¶ 2; 57-14, ¶¶ 1-3.

**C. Evidentiary Conflicts Are Resolved in Favor of Plaintiff on Venue**

The Robinson Declaration attached copies of the LinkedIn pages of current and former Meta employees. With one exception (*see* Dkt. 57-2, ¶ 2), the individuals who executed Rebuttal Declarations do not dispute that the LinkedIn pages are genuine. At most, they contend that MDT has misconstrued the facts on the website. The LinkedIn pages say what they say; and the discrepancies between them and what the Rebuttal Declarations contend that they *mean* is a fact question. Fact questions are resolved in favor of the nonmovant Plaintiff at the venue stage. *Vocalife LLC v. Amazon.com, Inc.*, 2019 WL 6345191, at *2 (E.D. Tex. 2019). Or at the very least, should be resolved via a live hearing. *Rafqa Star, LLC v. Google LLC*, 2023 WL 6050593, at *2 (W.D. Tex. Sept. 15, 2023) (holding live hearing to resolve testimonial dispute).

**D. Meta's Conclusory Convenience Statements Should be Disregarded**

The Texas Meta employees make the identical conclusory statement in each of their new declarations: "It would not be convenient for me to travel to Midland-Odessa for trial." *See, e.g.,* Dkt. 57-2, ¶ 4. None actually explain *why* Northern California would be a clearly more convenient. The Court, however, may disregard conclusory statements in declarations. *See Founders Ins. Co. v. Billy's Bar & Grill LLC*, 2019 WL 5425478, at *7 (N.D. Tex. Oct. 23, 2019). Meta argues the single non-stop flight to and from Midland each day shows that the Austin witnesses could not make it round-trip in one day to testify. But this does not make the Bay Area more convenient than Midland. For example, Meta overlooks that there are several one-stops/connections, which take less time than a non-stop to the Bay Area and multiple non-stop flights to and from Midland from Dallas and Houston. Dkt. 52-1, ¶19-21. The inconvenience statements Meta's lawyers had its employees sign off on do not move the needle toward transfer.

## IV. Unwilling Witnesses in Texas Show Meta's Motion Should be Denied

Meta acknowledges that non-party, "unwilling witnesses" are the most important venue factor but downplays the importance of two non-party witnesses in "Dallas"[1] who negotiated licenses for related patents. First, Meta, not MDT, affirmatively demanded venue discovery into these licensing activities, claiming (before they knew of their location) it was critical to venue. Dkt. 52-127. Now that Meta knows their residence is unhelpful, they claim both individuals are irrelevant. Not so—licenses go to damages, an essential element of both parties' cases. Moreover, these licenses and underlying negotiations are confidential, thus, it is far more likely that these two witnesses will actually need to be at trial. This is unlike the prior artists, whose written art will be presented by experts rather than through their third-party testimony. Moreover, these third-party licensee witness can only be subpoenaed for trial here under Rule 45(c)(i)(B), not in NDCA.

## V. Conclusion

There are two unwilling licensing witnesses and eight unwilling former Meta employee witnesses in Texas. Moreover, as to Meta's Austin employees Meta has not met the burden to show that travel to California is more convenient than travel within this State. Messrs. Wong, [redacted] work with Meta's counsel to recant and revise their testimony shows Meta cannot otherwise overcome their statements. If Meta finds Midland a 'hassle', or lacking the kind of accommodations it wants for trial, then MDT would agree to transfer the case to Austin, so long as the Court retains jurisdiction for all pretrial purposes and the current schedule. But nothing Meta has done or said shows Northern California is clearly more convenient than this Court. Meta's Motion to Transfer Venue should be denied.

---

[1] One actually resides in El Paso, so Meta's description of these two witnesses as being "ED Tex" witnesses misstate the facts. Dkt. 52-121 at 2-3.

Dated: October 24, 2023

Respectfully submitted,

By: /s/ *Erick S. Robinson*
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
Spencer Fane LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (713) 212-2638
erobinson@spencerfane.com
pdunn@spencerfane.com

Danielle J. Healey
Texas Bar No. 09327
Brian Medich (Admitted W.D. Tex./
D.C. Bar No. 1671486)
Spencer Fane LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone: (713) 212-2676
dhealey@spencerfane.com
bmedich@spencerfane.com

Kyle L. Elliott (admitted *pro hac vice*)
Missouri Bar No. 49145
Brian T. Bear (admitted *pro hac vice*)
Missouri Bar No. 61957
Kevin S. Tuttle (admitted *pro hac vice*)
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
kelliott@spencerfane.com
bbear@spencerfane.com
ktuttle@spencerfane.com

*Attorneys for Mobile Data Technologies LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on October 24, 2023, Plaintiff served via e-mail containing a secure downloadable link to its Opposition to Defendant's Motion to Transfer and related Exhibits, filed under seal, to the following parties of record:

Heidi L. Keefe (CA Bar 178960)
Elizabeth L. Stameshkin (CA Bar 260865)
(Admitted *pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Email: hkeefe@cooley.com
Email: lstameshkin@cooley.com

Phillip E. Morton
(admitted *pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Email: pmorton@cooley.com

***Courtesy copy:*** zmetamobiledata@cooley.com

*/s/ Erick S. Robinson*
Erick S. Robinson